UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DORENE FLORIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:09-cv-97 |
| | § | |
| FIDELITY NATIONAL | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, COLONIAL | § | |
| CLAIMS CORPORATION, TIMMY | § | |
| FRANCIS and JIM MCDONALD, | § | |
| | § | |
| Defendants. | § | |

## Plaintiff's Original Complaint

Plaintiff Dorene Florie complains of Fidelity National Property and Casualty Insurance Company, Colonial Claims Corporation, Timmy Francis, and Jim McDonald and would respectfully show the Court the following:

## Jurisdiction and Venue

1.      The Court has jurisdiction to hear these claims because they arise out of a flood insurance policy and federal courts have jurisdiction over such claims. Venue is proper because all or a substantial part of the events giving rise to this suit occurred in Galveston County, Texas and the property that is the subject of this lawsuit is located in Galveston County.

## Parties

2.      Plaintiff is a resident of Harris County, Texas. Plaintiff's property that is the subject of this lawsuit is located in Galveston County, Texas.

3.      Defendant Fidelity National Property and Casualty Insurance Company is a foreign corporation doing substantial business in the State of Texas and may be served through its attorney for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.      Defendant Colonial Claims Corporation is a foreign corporation doing substantial business in the State of Texas and may be served at its principal place of business, 2200 Bayshore Blvd., Dunedin, Florida, 34698.

5.      Defendant Timmy Francis is an individual employed by Colonial Claims Corporation and may be served personally at his Texas Department of Insurance registered address, 10040 Winston Dr., Semmes, Alabama 36575.

6.      Defendant Jim McDonald is an individual employed by Colonial Claims Corporation and may be served personally at his Texas Department of Insurance registered address, 106 Bel Air Circle, Daphne, Alabama 36526.

## Nature Of The Case

7.      Plaintiff suffered catastrophic damage to her property as a result of Hurricane Ike. In the aftermath, Plaintiff relied on her insurer and her insurer's agents to help start the rebuilding process. Specifically, Plaintiff was insured from flood-related loss by Fidelity National Property and Casualty Insurance Company ("Fidelity"). As part of the process, Fidelity hired Colonial Claims Corporation, Timmy Francis, and Jim McDonald (collectively, "Adjuster Defendants") to adjust Plaintiff's property. Adjuster Defendants admittedly inspected the wrong property and wrote their estimate/report based on that inspection. After realizing their mistake, Adjuster Defendants inspected the correct property, but to date have not provided payment or a copy of their estimate to Plaintiff. Fidelity used the inaccurate estimate/report to make a payment to Plaintiff. Fidelity and Adjuster Defendants conspired to and improperly adjusted

Plaintiff's property so that she would not receive the coverage she had originally contracted with Fidelity to receive.

8.      Thus, this suit is necessary to recover damages arising from all Defendants' unfair refusal to pay insurance benefits as represented by their agents and by the policies they sold to the Plaintiff. The Plaintiff seeks relief under the common law.

## Conditions Precedent

9.      All conditions precedent to recovery have been met or have occurred. Presuit notice was sent to Defendants more than sixty days before suit was filed.

## Agency

10.      All acts by Defendants were done by their officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendants or were done in the normal and routine course and scope of employment of Defendants.

## Breach of Contract

11.      Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

12.      According to the insurance policies that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for claims made for damages caused by hurricane and water damage in the building from such damage.

13.      As a result of this damage, which is covered under Plaintiff's insurance policy with Defendants, Plaintiff's property has suffered extensive damage. Defendants have breached their contractual obligation and the subject insurance policies by failing to pay the Plaintiff policy benefits for the cost to properly repair the damage to Plaintiff's property. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## Breach of The Common-Law Duty of Good Faith and Fair Dealing

14.     Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

15.     Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by denying Plaintiff's entire claim or inadequately adjusting and making an offer on Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

16.     Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claims because these Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are proximate cause of Plaintiff's damages.

## Breach of Fiduciary Duty

17.     Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

18.     Defendants had a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Defendants have a duty of good faith and fair dealing. Defendants breached that fiduciary in that

a.     The transaction was not fair and equitable to Plaintiff;

b.     Defendants did not make reasonable use of the confidence that Plaintiff placed in them;

c.     Defendants did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

4

d.    Defendants did not place the interests of Plaintiff before their own, and they used the advantage of their position to gain a benefit for themselves at the expense of Plaintiff;

e.    Defendants placed themselves in a position where their self-interest might conflict with their obligations as a fiduciary; and

f.    Defendants did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

19.    Defendants are liable to for Plaintiff's damages for breach of fiduciary duty, which damages were caused by their conduct.

## Common-Law Fraud By Negligent Misrepresentation

20.    Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

21.    Plaintiff would show that Defendants, individually or collectively perpetrated fraud by negligent misrepresentation by falsely representing a fact of materiality to Plaintiff who relied upon such representations which ultimately resulted in injuries and damages to her. Alternatively, Defendants, individually or collectively, fraudulently concealed material facts from Plaintiff, the result of which caused damages to Plaintiff which were foreseeable as Hurricane Ike's landfall in Texas was imminent.

22.    Specifically, and as a proximate cause and result of this negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

23.    By reason of Plaintiff's reliance on Defendants' individual and/or collective negligent misrepresentations of material facts as described in this complaint, Plaintiff has suffered actual damages for which she now sues.

5

24.     Plaintiff further alleges that because Defendants' individually and/or collectively, knew that the misrepresentations made to the Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendants', individually and/or collectively, and constitute conduct for which the law allows the imposition of exemplary damages.

25.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

26.     Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants, individually and/or collectively, in a sum in excess of the minimum jurisdictional limits of this Court. Defendants are liable for these damages, plus additional damages, plus 10% penalty, plus attorney's fees.

### Waiver and Estoppel

27.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

### Damages

28.     Defendants' acts have been producing and proximate causes of damages to Plaintiff far in excess of the minimum jurisdictional limits of this court.

### Attorneys' Fees

29.     Plaintiff is entitled to reasonable and necessary attorney's fees because of Defendants' breach of contract.

## **Jury Demand**

30.     Plaintiff requests that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid by Plaintiff.

## **Prayer**

Plaintiff prays that she has judgment against Defendants for her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, costs, and such other relief to which Plaintiff may show herself justly entitled.

**Dated:  June 4, 2009.**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold
State Bar No. 24036150
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Ste. 2550
Houston, TX 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**